UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| UNITED FOOD AND COMMERCIAL WORKERS INTERNATIONAL UNION-INDUSTRY PENSION FUND and its Trustees: ANTHONY M. PERRONE, JOHN A. WAGNER, KENNETH R. BOYD, CARL IVKA, ROBERT A. BLAIR, TIMOTHY MELIA, MILTON JONES, JON K. MCPHERSON, DAVID BURNWORTH, MONRAE BAILEY, JASON PARADIS, and DAVID BELL<br><br>2625 Butterfield Road, Suite 208E<br>Oak Brook, IL 60523<br><br>      Plaintiffs,<br><br> v.<br><br>FLAGSHIP AVIATION SERVICES LLC f/k/a FLAGSHIP AIRPORT SERVICES, INC.<br>405 S. Kimball Ave.<br>Southlake, TX 76092<br><br>Serve:  Registered Agents Inc.<br>     2501 Chatham Rd., Suite R<br>     Springfield, IL 62704<br><br>      Defendant. | Case No. 1:25-cv-3615 |

### COMPLAINT

Plaintiffs, United Food and Commercial Workers International Union-Industry Pension Fund (the "Fund") and its Trustees, by counsel, hereby complain of Flagship Aviation Services LLC f/k/a Flagship Airport Services, Inc. ("Defendant") as follows:

### Introduction

1. This action is brought under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001 *et seq*., and the Labor Management Relations Act of

23146655v2

1948 ("LMRA"), 29 U.S.C. § 185. Plaintiffs seek a judgment against Defendant for withdrawal liability, interest, liquidated damages, and attorneys' fees and costs incurred by the Fund, a multiemployer defined benefit pension plan, in collecting these amounts.

## Jurisdiction and Venue

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132, 1145, and Section 301 of the LMRA, 29 U.S.C. § 185.

3. Venue is proper in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), because the Fund is administered in this District.

## Parties

4. The Fund is a joint labor-management pension fund established pursuant to Section 302(c) of the LMRA, 29 U.S.C. § 186(c), and a multiemployer employee benefit plan within the meaning of Sections 3(3), 3(37), and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(3), 1002(37), and 1301(a)(3).

5. Plaintiffs Anthony M. Perrone, John A. Wagner, Kenneth R. Boyd, Carl Ivka, Robert A. Blair, Timothy Melia, Milton Jones, Jon K. McPherson, David Burnworth, Jason Paradis, Jason Paradis, and David Bell are Trustees of the Fund and "fiduciaries" with respect to the Fund as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21), and are members of the Fund's Board of Trustees, which is the "plan sponsor" within the meaning of Section 4001(a)(10)(A) of ERISA, 29 U.S.C. § 1301(a)(10)(A). The Fund is administered in Oak Brook, Illinois.

6. Defendant was formerly known as Flagship Airport Services, Inc., a corporation organized under the laws of California. On or about January 2, 2024, Flagship Airport Services, Inc. merged into Flagship Aviation Services LLC, a limited liability company organized under the laws of the State of Delaware.

23146655v2

7. Defendant is an employer within the meaning of 29 U.S.C. § 152(2) and Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and is engaged in an industry affecting commerce, within the meaning of Sections 3(11) and (12) of ERISA, 29 U.S.C. § 1002(11) and (12).

## Governing Documents

8. At all times relevant to this action, Defendant employed employees who were represented for the purposes of collective bargaining by United Food and Commercial Workers International Union No. 99 ("Local 99"), a labor organization representing employees in an industry affecting interstate commerce.

9. At all times relevant to this action, Defendant was bound by Collective Bargaining Agreements ("CBAs") obligating Defendant to make monthly contributions to the Fund and submit monthly remittance reports to the Fund detailing those individuals who are covered under the Fund for purposes of accruing pension benefits.

10. Under the CBAs, Defendant agreed to be bound by the Agreement and Declaration of Trust ("Trust Agreement") governing the Fund, and any rules and policies adopted by the Trustees thereunder. The Trust Agreement required Defendant to submit monthly pension contributions to the Fund.

## Factual Allegations

11. The Fund determined that in the Plan Year ending June 30, 2024, Defendant effected a "complete withdrawal" from the Fund, as defined in Section 4203 of ERISA, 29 U.S.C. § 1383 ("Complete Withdrawal").

12. The Fund determined that, as a result of the Complete Withdrawal, Defendant incurred withdrawal liability to the Fund in the amount of $35,774.00 as determined under Section 4201(b) of ERISA, 29 U.S.C. § 1381(b).

23146655v2

13.     On or about August 12, 2024, the Fund issued a Notice and Demand for payment of withdrawal liability in accordance with Sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382(2), 1399(b)(1).

14.     This Notice and Demand for payment informed Defendant that its withdrawal liability was $35,774.00, payable in 3 quarterly installment payments of $11,160.00 and a final payment of $2,294.00. The Notice and Demand stated the first quarterly payment was due on or before September 1, 2024 and the final payment was due on June 1, 2025.

15.     By letter dated January 9, 2025, the Fund notified Defendant that it was, at the time, delinquent on its quarterly installments for the Complete Withdrawal due on September 1, 2024 and December 1, 2024 and that Defendant had until March 10, 2025 to cure the delinquency or the Fund would consider it in default of its withdrawal liability obligation and accelerate the entire amount of withdrawal liability, consistent with Section 4219(c)(5)(A) of ERISA, 29 U.S.C. § 1399(c)(5)(A).

16.     Defendant failed to cure the delinquency by March 10, 2025 and also became delinquent on its quarterly installment for the Complete Withdrawal due on March 1, 2025.

## COUNT I: WITHDRAWAL LIABILITY

17.     Plaintiffs incorporate each of the foregoing paragraphs as if set forth herein.

18.     ERISA Section 4301(b), 29 U.S.C. § 1451(b) provides that the failure to make withdrawal liability payments when due shall be treated as a contribution delinquency under Section 515 of ERISA, 29 U.S.C. § 1145.

19.     Defendant is in default within the meaning of Section 4219(c)(5)(A) of ERISA, 29 U.S.C. § 1399(c)(5)(A), and 29 C.F.R. § 4219.33, and the entire unpaid balance of the withdrawal liability, plus interest, is now due and owing.

20. Accordingly, pursuant to ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2), Defendant is liable for withdrawal liability in the amount of $35,774.00 less any installments paid as of the date of judgment; interest on the withdrawal liability at the Fund's interest rate as prescribed in Section 6621 of the Internal Revenue Code from the date of default through the date paid; liquidated damages equal to 20 percent of the withdrawal liability; and reasonable attorneys' fees and costs incurred by the Plaintiffs in pursuing this action.

**COUNT II: CLAIM FOR CONTROLLED GROUP WITHDRAWAL LIABILITY**

21. Plaintiffs incorporate each of the foregoing paragraphs as if set forth herein.

22. To the extent Flagship Airport Services, Inc. and Flagship Aviation Services LLC are separate entities, Flagship Aviation Services LLC is an entity under common control with Flagship Airport Services, Inc. because each are wholly owned by David Pasek.

23. As businesses under common control, Flagship Airport Services, Inc. and Flagship Aviation Services LLC are jointly and severally liable for withdrawal liability in connection with the Complete Withdrawal under ERISA Section 4001(b)(1), 29 U.S.C. §1301(b)(1), and Internal Revenue Code Section 414(c).

24. Pursuant to Section 4219 of ERISA, 29 U.S.C. § 1399, notice of withdrawal liability assessment, default and all other notices provided under ERISA sent to one member of a controlled group constitutes notice to all trades or businesses under common control.

25. As set forth above, the Fund provided notice of the withdrawal liability assessment to Flagship Airport Services, Inc. Neither Flagship Airport Services, Inc. nor Flagship Aviation Services LLC paid to the Fund any of the withdrawal liability when due. Therefore, based on Flagship Airport Services, Inc.'s and Flagship Aviation Services LLC's failure to cure the delinquency by March 10, 2025, Flagship Airport Services, Inc. and Flagship Aviation Services

23146655v2

LLC are now both in default consistent with Section 4219(c)(5)(A) of ERISA, 29 U.S.C. § 1399(c)(5)(A).

26. ERISA Section 4301(b), 29 U.S.C. § 1451(b), provides that failure to make withdrawal liability payments when due shall be treated as a contribution delinquency under Section 515 of ERISA, 29 U.S.C. § 1145.

27. By the foregoing conduct, Flagship Aviation Services LLC is jointly and severally liable under Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), for withdrawal liability in the amount of $35,774.00 less any installments paid as of the date of judgment; interest on the withdrawal liability at the Fund's interest rate as prescribed in Section 6621 of the Internal Revenue Code from the date of default through the date paid; liquidated damages equal to 20 percent of the withdrawal liability; and attorneys' fees and costs incurred by the Fund in pursuing this action.

**Prayer for Relief**

**WHEREFORE**, Plaintiffs request the following relief:

(a) Enter judgment against Defendant and in favor of Plaintiffs, pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), for the following amounts:

(1) $35,774.00 in remaining withdrawal liability;

(2) Additional interest on the withdrawal liability at the Fund's interest rate as prescribed in Section 6621 of the Internal Revenue Code of 1954, accruing from the date of default until the date paid;

(3) An amount equal to the greater of the interest on the remaining withdrawal liability or 20 percent of the withdrawal liability in liquidated damages, as required by Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2);

23146655v2

    (4) Attorneys' fees and costs incurred by the Fund in the collection of withdrawal liability, including the attorneys' fees and costs in this action, as required by ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2); and

(b) Retain jurisdiction of this case pending compliance with its Orders; and

(c) Grant Plaintiffs such other and further relief as may be just and proper.

23146655v2

Dated:  April 3, 2025	Respectfully submitted,

*/s/ Christopher M. Leins, with consent*
Christopher M. Leins, Esq. (Bar No. 997257)
Andrew T. Mills, Esq. (Bar No. 2211290063)
SLEVIN & HART, P.C.
1300 Massachusetts Avenue, NW, Suite 700
Washington, D.C.  20036
(202) 797-8700
(202) 234-8231 (facsimile)

*/s/ David Huffman-Gottschling*
David Huffman-Gottschling, Esq. (Bar No. 6269976)
Charles P. Burns, Esq. (Bar No. 6317003)
JACOBS, BURNS, ORLOVE & HERNANDEZ LLP
1 N. La Salle St., Ste. 1620
Chicago, IL 60602
(312) 327-3443
(312) 726-3887 (facsimile)

*Counsel for Plaintiffs*

A copy of this Complaint will be served upon the Secretary of Labor and the Secretary of the Treasury by certified mail, as required by Section 502(h) of ERISA, 29 U.S.C. § 1132(h).

23146655v2